**United States District Court**
For the Northern District of California

**\*E-FILED 10/11/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RODGER M. CRIPE, et al., | NO. C 96-20060 RS |
|         Plaintiffs, | **ORDER DENYING "MOTION" FOR LEAVE TO INTERVENE** |
|   v. | |
| CITY OF SAN JOSE, et al., | |
|         Defendants. | |

On August 23, 2007, San Jose Police Officer Timothy Gall, appearing *pro se*, submitted a motion to modify and enforce the consent decree entered in this action on June 21, 2005. Gall is not a party, but as a San Jose Police Officer, was a beneficiary of the terms of the consent decree and he arguably has an interest in ensuring that the City abides by its terms. Accordingly, in light of Gall's *pro se* status, the Court deemed his submission to include a motion for leave to intervene, and provided defendants an opportunity to oppose intervention.

Defendants filed written opposition and Gall filed a reply, and the matter has now been submitted for decision without oral argument pursuant to Local Civil Rule 7-1 (b) and the Court's order entered August 24, 2007.

1

United States District Court

For the Northern District of California

1    Rule 24(a) (2) of the Federal Rules of Civil Procedure provides:

2

3    Upon timely application anyone shall be permitted to intervene in an action . . . when
     the applicant claims an interest relating to the property or transaction which is the
4    subject of the action and the applicant is so situated that the disposition of the action
     may as a practical matter impair or impede the applicant's ability to protect that
5    interest, unless the applicant's interest is adequately represented by existing parties.

6

7    The Ninth Circuit has set forth four requirements that must be met by a party seeking to

8    intervene as of right: (1) the applicant must timely move to intervene; (2) the applicant must have a

9    significantly protectable interest relating to the property or transaction that is the subject of the

10   action; (3) the applicant must be situated such that the disposition of the action may impair or

11   impede the party's ability to protect that interest; and (4) the applicant's interest must not be

12   adequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th

13   Cir.2003); see also *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir.2006).

14   A proposed intervenor "bears the burden of showing that all the requirements for

15   intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir.2004).

16   Courts "generally interpret the requirements broadly in favor of intervention." *United States v.*

17   *Washington*, 86 F.3d 1499, 1503 (9th Cir.1996); see also *Lockyer*, 450 F.3d at 440 ("We construe

18   Rule 24(a) liberally in favor of potential intervenors.").   In considering a motion to intervene, the

19   district court must accept as true nonconclusory allegations of the motion and proposed complaint in

20   intervention "absent sham, frivolity or other objections." *Southwest Center for Biological Diversity*

21   *v. Berg*, 268 F.3d 810, 819 (9th Cir.2001).

22   Analysis of whether Gall has met these standards here is complicated by the fact that he filed

23   neither a motion to intervene nor a proposed complaint in intervention *per se*. Nevertheless, no right

24   to intervene appears on this record.  The consent decree was entered over two years ago, effectively

25   "disposing of" the matters raised in this action as of that time.  It is far too late for Gall to seek other

26   or different relief than the plaintiffs obtained in this action.

27   Gall is correct that the consent decree envisioned that the parties might need to seek further

28   Court intervention either to enforce the consent decree or to modify its terms in light of changed or

**United States District Court**

For the Northern District of California

1   evolving circumstances.  Nothing in the consent decree, however, created a mechanism by which

2   any individual, non-party, member of the San Jose Police force would be permitted to seek Court

3   resolution of his or her individual grievances.  See Consent Decree ¶ 17 (requiring the *parties* to

4   present certain types of disputes to the Court, but stating that where an individual officer contends

5   the decree is being improperly applied to his or her circumstances,  "the ordinary MOA grievance

6   procedures shall be followed.")

7           To the extent Gall is contending that the City of San Jose is failing to *comply* with the

8   consent decree in its present form, there appears to be no basis to permit a non-party to assert such a

9   claim where none of the parties to the action are so contending.

10          To the extent that Gall may contend that his individual rights under federal law are being

11  violated, nothing in the consent decree precludes him from seeking to vindicate those rights in a

12  separate action.  This is not to suggest, however, that Gall should resort to such action, particularly

13  given the representations by the City of San Jose in its opposition to this motion that it is willing to

14  work with Gall to address his concerns.  The point remains, however, that at this juncture, there is no

15  basis to permit Gall to intervene in a closed case.  If his rights are being violated, his remedy lies

16  elsewhere. For similar reasons, to the extent Gall might seek *permissive* intervention under Rule 24

17  (b), the motion must be denied.

18

19

20

21  IT IS SO ORDERED.

22  Dated: October 10, 2007

                                    RICHARD SEEBORG
23                                  United States Magistrate Judge

24

25

26

27

28
    ORDER
    C 96-20060 RS

                                    3

**United States District Court**
For the Northern District of California

1 | **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2 | Denise Sequeira Bazzano    cao.main@sanjoseca.gov

3 | Joan R. Gallo    jgallo@hopkinscarley.com, jfernandez@realtylawllp.com

4 | Clifford S. Greenberg    cao.main@ci.sj.ca.us

5 | Marc Henry Greenberg    mgreenberg@ggu.edu

6 | Frank A. Jelinch    frank@jelinchlaw.com, roberta@jelinchlaw.com

7 | Walter K. Pyle    walt@wfkplaw.com

8 | John Charles Stein    boccardo@boccardo.com, jstein@boccardo.com, tracey@boccardo.com

9 | John Roger Tennant    generalcounsel@sjpoa.com, betty@sjpoa.com

10 | Ronald Yank    ryank@cbmlaw.com

11 | Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

12 |

13 | **AND THAT A COPY OF THIS ORDER WAS MAILED TO:**

14 | Timothy L. Gall
15 | 15435 La Jolla Drive
Morgan Hill, CA 95037

16 |

**Dated: 10/11/07**                                    **Chambers of Judge Richard Seeborg**

17 |

18 |                                                        **By:        /s/ BAK**

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |
ORDER
C 96-20060 RS